IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02229-OES

WELLMAN E. GIBSON,

      Plaintiff,

v.

GARY WATKINS,
GLORIA MASTERSON,
SUSAN JONES,
OFFICER PACEWARK,
LT. ARCHULETA, and
OTHERS TO BE NAMED LATER,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 13 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER DISMISSING CASE

---

On November 22, 2005, Plaintiff Wellman Gibson filed correspondence with the Court. In the correspondence, Mr. Gibson states that he did not intend to file the instant action. He asserts that the Prisoner Complaint form and certified Statement of Account Activity, that were filed in the instant action, should have been filed in Case No. 05-cv-01958-OES. Mr. Gibson also states in the correspondence that there is "no such case as 05-cv-02229-OES."

The Court must construe the correspondence liberally, because Mr. Gibson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court notes that because Plaintiff did not place the civil action number on the Complaint form or the Statement filed in the instant action, the Clerk of the Court treated the documents as a newly filed action.  Therefore, the instant action properly was opened as a new case.  Plaintiff is responsible for placing the civil action number on a document that he files in a pending action before the Court.  Although Mr. Gibson failed to identify a civil action number on the Prisoner Complaint and the certified Statement filed in the instant action, the Court will order a copy of the documents filed in Case No. 05-cv-01958-OES.

The Court also will direct that the correspondence be construed as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1) and that the instant action be dismissed.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ."  No answer has been filed by Defendants in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Notice, therefore, closes the file as of November 22, 2005.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the correspondence is construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1).  It is

2

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of November 22, 2005, the date Mr. Gibson filed the Notice in the action. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff. It is

FURTHER ORDERED that the Clerk of the Court is directed to file a copy of the Prisoner Complaint and the certified Statement of Account Activity, filed in the instant action on November 3, 2005, in Case No. 05-cv-01958-OES.

DATED at Denver, Colorado, this *12* day of _____ *Dec.* _____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02229-OES

Wellman Gibson
Prisoner No. 74384
Fremont Corr. Facility
PO Box  999
Canon City, CO 81215-0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12\13\05

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk